IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

CIVIL ACTION NO.: 9:25-cv-04275-RMG

| | |
|---|---|
| United States of America, for and on behalf of Triad Mechanical Contractors, Inc. and Triad Mechanical Contractors, Inc. in its individual capacity<br><br>Plaintiff(s),<br><br>vs.<br><br>CCCS International LLC and The Gray Insurance Company,<br><br>Defendant(s). | **COMPLAINT**<br>**(Jury Trial Demanded)** |

COMES NOW Plaintiff, United States of America for the use and benefit of Triad Mechanical Contractors, Inc., and Triad Mechanical Contractors, Inc. ("Triad" or "Plaintiff") in its individual capacity, which brings action, and shows unto this Honorable Court the following:

**PARTIES**

1. Triad is a corporation duly organized and existing under the laws of the State of South Carolina.

2. Defendant CCCS International LLC ("CCCS" or "Defendant") is a limited liability company organized and existing under the laws of the State of South Carolina, having a having its principal place of business in South Carolina.

3. Defendant CCCS acted as the Prime Contractor on the project commonly known as Repair B854 Ministry Building Marine Corps Recruit Depot – Parris Island ("the Project").

1

4. Triad acted as a Subcontractor to Defendant, CCCS International LLC, on the Project.

5. Defendant The Gray Insurance Company ("GIC") is a company organized and existing under the laws of a State other than South Carolina, that issued a Payment Bond with respect to a contract for improvements to real property on a project located in Beaufort, South Carolina.

## JURISDICTION AND VENUE

6. Plaintiff demands a trial by Jury.

7. This claim is brought in the name of the United States of America for the use and benefit of Triad pursuant to 40 U.S.C. 3133(b)(3)(A), and by Triad in its own right, to recover amounts due and owed pursuant to a subcontract and a Miller Act payment bond.

8. This Court has jurisdiction of this action pursuant to 40 U.S.C. 3131 and 40 U.S.C. 3133.

9. All acts and omissions giving rise to this Complaint took place in Beaufort County, South Carolina.

10. Triad performed work from September 2023 through November 2024, which is within one year of the filing of this Complaint.

11. Venue is proper in this judicial district because the claim arose and the work was performed in the District of South Carolina

## FACTUAL ALLEGATIONS

12. Each and every allegation above is incorporated herein by reference.

13. CCCS entered into a contract with the Federal Government through the Naval Facilities Engineering Systems Command ("NAVFAC"), Contract No.: N4008518D0630

14. In connection with the work on the Project, CCCS entered into a subcontract with Triad ("the Subcontract") to provide certain labor, materials, and equipment relating to Plumbing work on the Project.

15. Triad supplied labor and materials to the Project in performance of its obligations under the Subcontract and as directed by CCCS.

16. Defendant The Gray Insurance Company issued a Payment Bond, guarantying the payment of those persons providing labor and materials on Contract No.: N4008518D0630 in the penal sum of $4,553, 951.00.

17. Triad provided labor and materials on the Project within one year of the date of the filing of this Complaint.

18. The original subcontract sum was $204,145.00.

19. The subcontract sum was increased by two change orders:

    a. Underground Pipe Repair     $41,206.00

    b. Drinking Fountain at B-303   $14,034.00

20. The adjusted subcontract sum is $256,368.00.

21. The balance currently due and owed by CCCS to Triad for work performed under this Subcontract is $159,618.00.  This sum is exclusive of interest, attorney fees, and costs to which the Plaintiff is entitled.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract re Building 854)**

22. Each and every allegation above is incorporated herein by reference.

23. The Government and CCCS entered into a federal government construction contract to Repair B854 Ministry Building, whereby CCCS contracted to perform work as more fully set forth in the prime contract relating to the Project.

24. CCCS and Triad entered into the Subcontract whereby Triad agreed to supply certain labor and materials to the Project in exchange for monetary compensation.

25. Triad supplied labor and materials on the Project in full and complete performance of its

obligations under the Subcontract.

26. CCCS has breached the Subcontract with Triad in one or more of the following particulars:

    a. Failing to pay Triad the full balance due on the Subcontract for the work on the Project that Triad was directed by CCCS to perform.

27. The failure by CCCS to pay Triad in full is a material breach of the Subcontract.

28. As a direct and proximate result of the breach by CCCS, Triad has been damaged and is entitled to actual damages, plus interest, costs and attorney fees.

**FOR A SECOND CAUSE OF ACTION**
**(Miller Act Bond Claim re Building 854)**

29. Each and every allegation above is incorporated herein by reference.

30. Defendant surety, GIC, has issued a payment bond which guarantees payment to subcontractors for amounts due for labor, materials, and equipment on the Project

31. Despite repeated demands for payment, CCCS has failed to pay the amount due.

32. CCCS has commingled the receipts from the Federal Government upon the two projects, Building 854 and Dog Kennel; which were being performed simultaneously.

33. CCCS owed money on both projects but elected to label checks coming from the common fund of commingled money as payments on the bonded, as opposed to the non-bonded project.

34. As a direct and proximate result of CCCS's failure to pay Triad for its labor, materials, equipment and services provided in connection with the aforesaid Subcontract, and pursuant to the terms of the Miller Act; Triad is entitled to payment from the sureties in the amount of $180,368.00. ($159,618.00 Bldg 854; plus $20,750.00 Dog Kennel)

35. Per contract or at law, Triad is also entitled to recover interest, attorneys fees and costs as a result of CCCS's breach.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract re Dog Kennel)

36. Each and every allegation above is incorporated herein by reference.

37. The Government and CCCS entered into a federal government construction contract, whereby CCCS contracted to perform work as more fully set forth in the prime contract relating to the Project.

38. CCCS and Triad entered into the Subcontract whereby Triad agreed to supply certain labor and materials to the Project in exchange for monetary compensation.

39. Triad supplied labor and materials on the Project in full and complete performance of its obligations under the Subcontract.

40. The Subcontract sum is $25,819.00

41. Of the subcontract price of $25,819.00 the sum of $20,750.00 remains due and owing. This sum is exclusive of any interest, costs, or attorney fees which are due.

42. CCCS has breached the Subcontract with Triad in one or more of the following particulars:

    a. Failing to pay Triad the full balance due on the Subcontract for the work on the Project that Triad was directed by CCCS to perform.

43. The failure by CCCS to pay Triad in full is a material breach of the Subcontract.

44. As a direct and proximate result of the breach by CCCS, Triad has been damaged and is entitled to actual damages, plus interest, costs and attorney fees.


## FOR A FOURTH CAUSE OF ACTION
### (Interest Under South Carolina Code 29-6-50)

45. Each and every allegation above is incorporated herein by reference.

46. Defendants were served with notice of Triad's rights pursuant to S.C. Code 29-6-50 on or about March 18, 2025 and CCCS previously received payment from the Government for

5

compensation due Triad under the Subcontract without paying Triad within the time specified by SC Code 29-6-50.

47. As a result, all of the Defendants owe Triad statutory interest at a minimum rate of 1% per month until payment is made.

## FOR A FIFTH CAUSE OF ACTION
### (Statutory Pre-Judgment Interest 34-31-20)

48. Each and every allegation above is incorporated herein by reference.

49. All Defendants shall be liable for interest in an amount not less than as is defined by SC Code 34-31-20.

## FOR A SIXTH CAUSE OF ACTION
### (Attorney Fees South Carolina Code 27-1-15)

50. Each and every allegation above is incorporated herein by reference.

51. All Defendants were served with a notice consistent with SC Code 27-1-15 on or about March 18, 2025.

52. The Defendants were served via certified mail.

53. The notice to the Defendants informed them of their duty to investigate the claim and pay any amount due within the statutory period of 45 days.

54. The notice included a copy of the subcontract, a copy of the payment bond, a complete accounting of every payment application submitted, and a complete accounting of every payment received from the Defendant.

55. Despite having been provided with all of the necessary information to analyze the claim, Defendant CCCS did not respond at all.

56. Despite having been provided with all of the necessary information to analyze the claim, Defendant GIC summarily denied the claim, and asked the Plaintiff to submit substantially the same information that had already been served with the claim notice.

57. The statutory period for reasonable good faith review and payment has expired.

58. Defendant GIC has failed to pay a single dollar of the debt owed.

59. Defendant GIS has failed to assert a single ground upon which the money owed should not be paid.

60. The language of a Miller Act Bond does not allow for any conditions precedent to payment of a claim, such as claims processes.

61. SC Code 27-1-15 provides that a failure to pay the balance owed within the statutory period entitles the Plaintiff to judgment against all Defendants for the Plaintiff's attorney fees.

## FOR A SEVENTH CAUSE OF ACTION

### (Statutory Interest Pursuant to FAR)

62. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

63. Federal Acquisition Regulations provide that the Government shall pay interest according to statute on any balance that is past due or any successful claim upon disputed sums.

64. Triad is entitled to compensation in the form of statutory interest for having been involuntarily compelled to finance the work on behalf of others.

## FOR AN EIGHTH CAUSE OF ACTION

### (Bad Faith Failure to Pay Insurance Benefits)

65. Triad realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

66. There is a valid and enforceable Miller Act Payment Bond, for the protection of the Plaintiffs.

67. The Defendant GIC has refused to pay benefits that are due.

68. The Defendant GIS affirmatively and summarily denied the claims of the Plaintiffs without any investigation or review whatsoever.

69. The Defendant's summary denial of the claims without investigation is an act which violates the implied covenant of good faith and fair dealing inherent in the insurance contract.

70. The Defendant has failed, in over two months time following receipt of the claim, to provide any basis for the denial of the claim.

71. The Defendant has failed, in over two months time following receipt of the claim, to provide notice of any defense against all or part of the claim.

72. The Defendant GIC's conduct was willful and in reckless disregard of the Plaintiff's rights under the policy.

73. The Plaintiff is entitled to actual damages, attorney fees, costs, interest, and punitive damages.

WHEREFORE, the Plaintiff, Triad Mechanical Contractors Inc, prays for judgment against the Defendants in an amount equal to $180,368.00 Dollars; plus punitive damages, attorney fees, costs, interest, and for such other and further relief as the Court deems just and proper.

Laquiere Legal Services LLC

_____/s/ Eric B. Laquiere_____
Eric B. Laquiere
SC Bar No. 71177
SC District Court Bar 09529:
3674 Old Charleston Hwy
Johns Island, SC 29455
843-556-2958
888-745-8449 fax

Charleston, South Carolina
May 20, 2025

eric@laqlaw.com
Attorney for the Plaintiff
Triad Mechanical Contractors, Inc.